\* Mansfield Savings Bank v. H. C. Post et al.

**1. Affidavit for Attachment—Sufficient Facts as to Claim.**

An affidavit for attachment, which states that plaintiff has commenceed an action in the common pleas to recover $5,015, to become due and payable at stated times, upon two certain promissory notes, one of which is for $4,000, due in ninety days, and without interest until after maturity, and the other, the principal sum of which is not stated, due in ninety days with interest from date, sufficiently shows that the latter is for $1,000 principal and fifteen dollars interest; such an affidavit shows with substantial accuracy and clearness the facts, as to amount of claim, then due, etc., required by Sec. 5565, Rev. Stat., relating to attachments.

**2. Same—Affidavit Insufficient.**

Affidavit for attachment which simply states that "said claim is just and affiant believes that plaintiff ought to recover thereon the sum of five thousand dollars," without in any way stating when the claim will become due, is not sufficient to authorize attachment under Sec. 5565, Rev. Stat.

**3. Judge Cannot Review his Exercise of Discretion.**

The exercise of discretionary power by a judge in allowing a writ of attachment, that is, whether he will allow or refuse the writ upon the facts and circumstances detailed in the affidavit as justifying a belief of the existence of fraud, cannot be reviewed in that court. Gans v. Thompson, 11 Ohio St. 597, construed.

**4. Cognovit Notes Must be Strictly Construed—Rule Applied.**

Cognovit notes should be very strictly construed and under the warrant of attorney to confess judgment, a judgment can be rendered only against the persons designated. Thus, on such a note signed "Wickham & Co., H. C. Post, Geo. E. St. John," a judgment against individuals composing the firm of Wickham & Co., on the strength of allegations in a petition, is unauthorized; and the same is true of a judgment against "Halsey C. Post." A judgment against "George R. St. John," under the note in question, signed "Geo. E. St. John," is not invalid, but a judgment in favor of "The Farmers' National Bank of Mansfield, Ohio," on a cognovit note running to "The Farmers' National Bank" is irregular and void.

*Homer Goodwin*, for plaintiff in error.

Bentley, J.

The two cases of The Mansfield Savings Bank against Halsey C. Post et al., and The Farmers' National Bank, of Mansfield, against the same defendants, were argued and submitted together. In one case the question arises simply upon the affidavit for the attachment before the debt was due; and in the other case, that of the Farmers' National Bank, there is that question, and also a question arising upon a cross-petition

---

\* Affirmed by the Supreme Court, without report, 54 Ohio St. 629.

*Cummings & McBride* and *R. Brinkerhoff, Jr.*, for defendant in error, in the Supreme Court, cited:

Affidavit does fairly show the amount of the claim, and when it will become due, and all of the requisites made necessary by the statute in order to secure the issuing of an attachment before the debt is due: Gans v. Thompson, 11 O. S. 579, 581.

Sufficiency of affidavit: Wilkins v. Tourtellott, 28 Kan. 825; Ludlow v. Ramsey, 78 U. S. (11 Wall.) 581; Sec. 5565, Rev. Stat.

Proportion of debt due: Rainwater Boogher Hat Co. v. O'Neal, 18 S. W. Rep. 570 [82 Tex. 337]; Willis v. Moorings, 63 Tex. 340.

in error as to the propriety of a judgment in the case rendered upon a cognovit note upon confession of an attorney, entered, as it is claimed, by virtue of the power of attorney in the cognovit attached to the note. It was said in the argument, generally, that the same question exactly was presented in both these cases, as to the form of the affidavit, and that the disposition of one would necessarily dispose of the other, and in the same way.

But in reading the affidavits, that is, the copy of the one—we haven't been able to find the original affidavit, or any affidavit except the one copied in the bill of exceptions—we find that one differs quite materially from the affidavit in the other case. I will call attention to it hereafter.

The principal question raised in the cases being as to the validity of these attachments, I will first consider that question. It is well to have in mind, it is necessary, in fact, the provisions of Secs. 5564 nd 5565 Rev. Stat., defining what an affidavit in such case shall contain and show.

Section 5564, Rev. Stat., is as follows:

"A creditor may bring an action on his claim before it is due and have an attachment against the property of the debtor:

"1. When the debtor has sold, conveyed, or otherwise disposed of his property with the fraudulent intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts; or

"2. Is about to make such sale, conveyance, or disposition of his property with such fraudulent intent; or

"3. Is about to remove his property, or a material part thereof, with the intent or to the effect of cheating or defrauding his creditors, or of hindering or delaying them in the collection of their debts."

Section 5565, Rev. Stat.:

"The attachment authorized by the last section may be granted by the court in which the action is brought, or by a judge thereof; but before such action shall be brought, or such attachment granted, the plaintiff, or his agent or attorney, shall make an oath in writing, showing the nature and amount of the plaintiff's claim; that it is just; when it will become due; and the existence of any one of the grounds for attachment enumerated in the last preceding section."

Affidavits were submitted upon motion to discharge the attachment allowed in these cases, but on the hearing before us, as we understand it, they were withdrawn from our consideration. The court of common pleas discharged the attachments in these actions wholly upon the alleged insufficiency in form of the original affidavits upon which the attachments were allowed. And so that question simply is presented to us.

It is not claimed in argument that there was any insufficiency, in form of either of these affidavits, in charging the causes named in Sec. 5564, Rev. Stat., that is, in indicating the fraud of the defendants, and the disposition of their property, etc. Neither is it claimed that there is any insufficiency of the affidavits in that regard, as failing to enumerate and set forth facts and circumstances claimed to show the fraud that is charged; but the insufficiency of the affidavits is attacked for other reasons, namely, that they do not sufficiently show the amount of the claims in question, nor when these claims will become due. And it being a requirement of Sec. 5565, Rev. Stat., that both of these things shall be shown by the affidavits, if they are not sufficiently shown, of course, the affidavit is not sufficient to warrant the issuing of an attachment. The court of common pleas found, on either one or the other of these claims, against the sufficiency of the affidavits.

Now let us examine very briefly the affidavit in the case of the Mansfield Savings Bank against Halsey C. Post et al. in this respect. It states:

"R. Brinkerhoff, Jr., being by me duly sworn, deposes and says that he is the duly authorized agent and attorney of the plaintiff, and that plaintiff has commenced an action in the court of common pleas (better to have said: 'About to commence an action;' but that is of no particular moment here) against said defendants to recover the sum of $5,015, to become due and payable to said plaintiff from said defendants at the time hereinafter stated, and upon the following described promissory notes, to-wit: One note of $4,000, dated October 31, 1892, and due 90 days thereafter, with interest at 8% per annum after maturity; signed by H. C. Post, Wickham & Co., a firm composed of John W. Wickham, Jr., and A. H. Winchell; and endorsed and payment guaranteed by said George E. St. John. And one note dated December 29, 1892, and due 90 days thereafter, with interest from date, signed by said George E. St. John, Wickham & Co. a firm as aforesaid, and said H. C. Post; and the plaintiff is the legal owner and holder of said notes; that said claim is just, and affiant believes the plaintiff ought to recover thereon the sum of $5,015 with interest, as aforesaid."

The rest of the affidavit is given to the charge of fraud, etc.

We are to examine this affidavit in view of the rule stated in Harrison v. King, 9 Ohio St. 388, that the last measure of accuracy in using the words of the statute is not necessary. The rule is substantially stated as follows:

"1. While good practice requires that, * * * the affidavit should set forth the facts and circumstances, and not merely the words of the statute, yet if a court or judge think proper to act upon an affidavit stating the ground for an attachment substantially in the language of the statute, it is a matter of form or practice, not affecting any substantial right of the defendant, and not the proper cause for reversal upon a petition in error.

"2. Upon like principle would stand any variation from the language of the statute which did not affect the substance of the particular ground upon which the order of attachment was granted."

Now, upon that view, the question is whether this affidavit fails to show, with substantial accuracy and clearness, the things required in Sec. 5565, Rev. Stat.

It will be noticed that the affidavit says that plaintiff "has commenced action in the court of common pleas to recover the sum of $5,015, to become due and payable from said defendants to said plaintiff at the time hereinafter stated." We think that that shows the claim of the plaintiff; namely, a claim for $5,015, and the statement shows that it will become due and payable at the time thereinafter stated. It then proceeds to state that such a note was actually made, that it is in existence, that it is signed by the defendants, and that that promissory note will become due in ninety days from its date, and that the plaintiff is the owner and holder of it. So far as that would go, it would seem to be a statement above fair criticism that the claim of the plaintiff is upon that note; that the principal of the note was $4,000; that it bears interest as stated; that it was made by the defendants; that the claim of the plaintiff upon it and the other note mentioned is for $5,015, a definite sum.

But it will be observed that this $4,000 note, with the interest, does not make up the claim of $5,015. It cannot. But, in addition to that,

is the following statement: "And one note dated December 29, 1892, and due 90 days thereafter, with interest from date; signed by said George E. St. John, Wickham & Co., and said H. C. Post; and the plaintiff is the legal owner and holder of said notes, and affiant believes that plaintiff ought to recover thereon the sum of $5,015, with interest, as aforesaid."

We notice that in this allegation regarding the second note there is a failure to state the principal sum. It gives its date, the time when it will become due, the interest which it bears, but it does not state that it is for the sum of $1,000, or any other particular sum; but it shows, or it appears from the allegations in the affidavit, that the claim is for $5,015, and part of it is made up of $4,000. The claimant asks judgment when the note becomes due; upon one note there would be exactly $4,000 due, since it bears no interest until after maturity; upon the other note, if it were for a thousand dollars principal, dated when it is said to be dated and bearing the interest that it does, when it becomes due there would be just $15.00 interest upon it. So that it appears clearly, although the statement is not directly made, that the plaintiff holds a note for $1,000. It also appears that it holds a note for $4,000; it makes a claim upon that $4,000 note, and another note for an amount which would be exactly made up if the other note were for a thousand dollars, with interest, as stated.

Now, not to apply any hypercritical criticism to this statement, what does it indicate? We think it clearly appears that the claim is upon two promissory notes. And that the claim of the plaintiff (whether rightfully or wrongfully founded it does not now matter), which has to be stated according to Sec. 5565, is for $5,015. We are unable to see why that affidavit does not fairly show the amount of the claim, and when it will become due, and all of the requisites made necessary by the statute in order to secure the issuing of an attachment before the debt is due.

In this connection I will call attention to the other affidavit, in the Farmers' National Bank case. The affidavit is:

"George Brinkerhoff, being by me duly sworn, makes oath and says that he is the duly authorized agent and attorney of the said plaintiff, who has commenced a civil action in the court of common pleas of said county of Erie against the said H. C. Post and others, defendants, to recover the sum of five thousand dollars in money, to become due to said plaintiff from said defendants. That the said claim of the plaintiff is on a promissory note for five thousand dollars, signed and endorsed by the said defendants. That said claim is just, and affiant believes that the plaintiff ought to recover thereon the sum of five thousand dollars. Affiant further says that the defendant, H. C. Post, has sold, conveyed, and otherwise disposed of his property with the fraudulent intent," etc. (The rest of the affidavit is entirely given up to the statement regarding the alleged fraud of the defendants, giving the right of attachment.)

Well, now, the right to sustain the attachment, of course, must be judged by the affidavit and not by the petition. It is the affidavit that must comply with these forms. It will be noticed in this affidavit that the amount of the claim is stated at the sum of $5,000 in money, to become due from said defendants to said plaintiff, but *when* does not appear.

(Attorney for Farmers' National Bank here claims that said omission of date is an error in the transcript, which did not appear in the original affidavit.)

(The Court, continuing:) As it stands now I will call attention to it.

The claim of the plaintiff is upon a promissory note for the sum of $5,000, signed and endorsed by said defendants. The affidavit proceeds: "That said claim is just, and affiant believes that the plaintiff ought to recover thereon the sum of five thousand dollars."

It appears very clearly from this affidavit, as copied here, that there is no statement whatever as to the time when this will become due, and the affidavit in this case, on that account, is defective, we think.

Attention has been called to Gans v. Thompson, 11 Ohio St. 579, and it has been commented upon in argument and brief; and one counsel in the case says he does not understand, really, what the court intend to hold in the case, especially in this part of the opinion, on page 581:

"The subsequent motion to discharge the attachment was not founded on a denial of the facts stated in the affidavit, but rested solely on the alleged insufficiency of the facts, as stated in the affidavit, to justify the allowance of the writ. The question thus raised, was a question not of fact, but of law. In holding, as a matter of law, that the affidavit was insufficient to justify the allowance of an attachment, and in, therefore, discharging it, the court of common pleas erred. The previous exercise of discretionary power by the judge in allowing the writ could not properly be reviewed by that court, and its judgment was properly reversed by the district court."

While this language is brief, we think the view of the case which the court took is very clear. The court say that: "The previous exercise of discretionary power by the judge, in allowing the writ, could not properly be reviewed by that court." That discretionary power was simply as to the stating or not stating in the affidavit the facts which it is claimed exhibited the fraud which was alleged in general terms; and the statement is, the holding is, that, while the judge, when he is applied to for an order of attachment in such a case, may refuse to allow an attachment unless these facts and circumstances are detailed in the affidavit, yet it is discretionary with him whether he will so act or not; and in case he exercises that discretion by saying that he will not require the statement of details and facts, he has exercised a discretion that ought not to be reviewed by himself or his court.

Of course it is not intended to say that when the judge has allowed an attachment upon an affidavit, no matter what the form of the affidavit is, however insufficient and irregular, that the court cannot set aside the attachment for the fault in the affidavit. It certainly is not discretionary with the judge to allow an attachment when an affidavit is filed that is fatally defective in form. It cannot mean that the judge exercises any discretion as to requiring or not requiring in the affidavit the essential matters directed by the statute, but only a discretion as to his requiring the statement in it of the facts and circumstances justifying the belief of the existence of fraud.

But there is no complaint in this case upon that score. The complaint in these cases is as to the form of the affidavit in another particular, and which, if defective, it is not a matter of discretion for the judge

to allow an attachment upon it. If he allows an attachment upon an affidavit making an insufficient showing in other particulars than as to the details and proofs of fraud, he has simply acted erroneously.

We think, in the case of the Mansfield Savings Bank against Post and others, that the discharge of the attachment on the alleged insufficiency of the affidavit was erroneous, and that the judgment of the court of common pleas in that case, discharging the attachment and dismissing the petition, ought to be reversed, with costs, and that order will be entered.

In the other case, as the bill of exceptions stands, we think the action of the court of common pleas was correct in discharging the attachment, and that that judgment ought to be affirmed, at the costs of the plaintiff in error, unless the transcript of the affidavit can be shown to be erroneous.

Now, a moment as to the cross-petition in error. It is claimed that by a supplemental petition, judgment was rendered in the court of common pleas upon this cognovit note, in the case of the Farmers' National Bank of Mansfield, against Halsey C. Post and others. It is claimed that the court erred in allowing the filing of that supplemental petition and granting a judgment upon it. It occurs to us that it would make no difference to the defendants whether this judgment was rendered upon a supplemental petition filed in the court of common pleas, or upon an original petition. At any time, if this judgment was authorized upon this cognovit, a party might have appeared, filed his petition without notice, and taken this judgment, and whether it was taken upon a supplemental petition or upon a petition filed in a separate case, we think makes no difference to the defendants.

But that cross-petition presents another question. This judgment that is complained of was rendered simply upon this cognovit note, and, it is supposed, by virtue of an alleged power to confess judgment embodied in the cognovit.

This note seems to be signed, "Wickham & Co., H. C. Post, Geo. E. St. John." The beginning of it reads: "90 days after date, without grace, we jointly and severally, as principal debtors, for value received promise to pay the Farmers' National Bank, or order, at its banking house, Mansfield, Ohio, five thousand dollars." And then it proceeds with the cognovit, saying, "And we authorize any attorney of record, after the obligation becomes due, to appear for us or either of us and confess judgment against us, or either of us," etc., in the usual form, in favor of the holder of the above note for the amount that may appear due thereon.

In this connection I will call attention to Spence v. Emerine, 46 Ohio St. 433 [21 N. E. Rep. 866; 15 Am. St. Rep. 634], the syllabus of which is as follows:

"1. A warrant of attorney to confess judgment should be strictly construed.

"2. A warrant of attorney attached to a sealed note, payable to the payee or bearer, authorized 'any attorney at law, * * * to appear for us in any court of record in the state of Ohio and confess judgment against us for the amount then due thereon, with interest and costs, and to release all errors and the right of appeal.' *Held* —

"(a) Such warrant of attorney conferred no authority to confess judgment against the maker of the note, in favor of the holder to whom the payee had transferred the note by delivery.

"(b) In an action on the note, it was error to render judgment against the maker thereof in favor of such holder, by virtue of such warrant of attorney, without summons or other notice to the maker, of the bringing of the action."

The court in the solution of that case cite a large number of cases, and go over the subject of the authority conferred by these cognovit notes at great length; and it appears, not only from the holder in this particular case, but from the holdings cited and the general disposition the court has evinced in the opinion, that these cognovits should be very strictly construed; and in that case the Supreme Court construed it even more strictly than the circuit court, and reversed the judgment given upon that sort of a note.

And now, in the light of the rules on this subject, how stands this judgment on this note?

I have called attention to the fact that the note was signed "Wickham & Co." It is also signed, "H. C. Post," and signed by "Geo. E. St. John." The judgment was taken, not simply following the signatures of this note, against "Wickham & Co.," but taken against certain individuals, upon an allegation in the petition, filed, I believe, the very date that judgment was taken; and the judgment, if supported at all, must be supported by force of the cognovit, and not by reason of any appearance in the case, or default, or the situation of the defendant generally in the attachment branch of the case.

It is alleged that "Wickham & Co." is a partnership composed of certain individuals, and it is asked that judgment may be taken against those two individuals, as "Wickham & Co." It is alleged that this note was signed by "Halsey C. Post," but it appears simply to be signed by "H. C. Post," and judgment was taken against "Halsey C. Post." There is no warrant in the cognovit for the attorney to confess judgment against any person except "Wickham & Co., H. C. Post, Geo. E. St. John."

Whether these allegations as to what individuals compose the firm, and as to H. C. Post being in fact Halsey C. Post, are true as a matter of fact or not does not matter. The warrant in the note did not allow the attorney to confess judgment against these individuals, except as they signed. That would destroy the validity of the judgment against all of these persons excepting George E. St. John. The judgment is against "Geo. E. St. John," but the abbreviation "Geo." indicates "George," so that a judgment, so far as that is concerned, is good against "George E. St. John," since the judgment might have been against either of the signers of the note; but the cognovit runs to "The Farmers' National Bank."

The judgment is taken in favor of "The Farmers' National Bank, of Mansfield, Ohio." Whether that is the same concern or not, we cannot know, as a matter of law. We only know that a judgment is taken, apparently, upon this cognovit note, in favor of a person not appearing upon its face to be the payee of the note; and for that reason we think the judgment against St. John is irregular and erroneous; and therefore the judgment, as against all of the defendants generally, upon this cognovit, will be reversed, for the reasons stated.

(Mr. H. Goodwin: As to the matter of dismissing the case out of the court of common pleas—)

The Court: We think that was proper where the attachment was gone. We think that the whole case must rest upon the validity of the

allowance of the attachment, and when that was gone the whole case was gone. If it were a matter of discretion whether the case should be retained after the attachment was discharged, as claimed ,by counsel, we should not interfere with the judgment of the court of common pleas dismissing· the action. But it not .appearing to us that it was a matter of discretion, we think that, as a matter of law, the proper entry was made.

The entry of affirmance in the Farmers' Bank case need not be made now but we will adjourn till July 8 next, to allow counsel to find the original affidavit, or to take such action in view of its loss as may be proper.