BENONI STEMEN v. BAKER G. HIZEY ET AL.

1. APPEAL DOES NOT LIE TO CORRECT DITCH ASSESSMENT AS UNJUST AND UNREASONABLE.

Neither R. S. 4533, 4536, 4539 (Gen. Code 6625, 6628, 6631) nor any other statute makes provision for an appeal by a property owner, complaining that an assessment levied on his land for the improvement of a township ditch is unjust and unreasonable in that it is grossly in excess of the benefits which he will receive from the improvement.

2. ABSENCE OF PROVISION FOR BILL OF EXCEPTIONS PREVENTS ERROR PROCEEDINGS TO REVIEW DITCH ASSESSMENT.

Nor will error lie in such a case under R. S. 4491, 4560, 6708 (Gen. Code 6500, 6646, 12241) inasmuch as there is no provision for a bill of exceptions, and even if the transcript of the record of the township trustees were brought up, it would be of no assistance in determining the question whether the assessment exceeds the benefits.

3. INJUNCTION LIES TO CORRECT DITCH ASSESSMENTS EXCEEDING BENEFITS.

Injunction will lie where the complaining owner alleges that the assessment laid upon his land is grossly in excess of the benefits conferred, notwithstanding it is directed against the action of a judicial board, and in such a case a court of equity may do justice even though no error is found in the proceedings.

APPEAL from common pleas court.

*W. H. Lane* and *C. O. Beals,* for plaintiff.
*C. W. McCleery,* for defendants.

Stemen v. Hizey.

CRAINE, J.

The questions presented to this court are raised by a motion to strike out certain matters from the petition; and also a demurrer is filed, and we think the demurrer reaches the questions in this case. The demurrer reads as follows:

"Now come the defendants, trustees, and demur to the petition for the following reasons:

"1st. That the court has no jurisdiction of the subject of the action.

"2nd. That the petition does not state facts sufficient to constitute a cause of action.

"3rd. It appears from the petition that the plaintiff has an adequate remedy at law."

Briefly stated the history of this case is as follows:

The trustees of Violet township, Fairfield county, Ohio, on petition of certain property owners, passed a resolution for the construction of a township tile ditch. In the construction of that ditch they assessed a portion of the expense upon this plaintiff. The plaintiff claims that this amount so assessed upon him was unreasonable and unjust and that he should not be compelled to pay any part of it, for the reason that he received no benefit from the tiling of the ditch; and he brought an action in the court of common pleas to enjoin the collection of that assessment upon him so made by the trustees. The defendant filed a motion asking to have certain matters in the petition stricken out, and while that motion was pending the plaintiff filed a motion to strike off that motion, which the court sustained. Thereupon a demurrer was filed to the petition, which was overruled by the court of common pleas and a judgment was taken on the petition and evidence of the plaintiff below, without any controversy on the part of the defendant, and the case was brought into this court, and the demurrer is up for hearing here.

The contention of the defendant is this: that a court of equity can not attack by injunction the judgment of a judicial board; that if the plaintiff has any remedy at all, it is by appeal or error. With that contention

41 O. C. C. Vol. 32.

Fairfield County.

of the defendant, we are in accord, if there is a provision for error or appeal.

The question presented then is this: Could this plaintiff appeal or could he prosecute error from the judgment of the trustees of Violet township in assessing him for the construction of this ditch, when he received no benefit from it? We are cited to certain sections of the statutes.

R. S. 4533 (Gen. Code 6625):

"Any person interested in the location of such ditch, or in the amount of compensation and damages determined upon by the trustees, may take an appeal from the proceedings of the trustees to the probate court of the county."

Then when the appeal has been taken, the probate court under R. S. 4536 (Gen. Code 6628), shall examine the same and determine whether the preliminary steps for the appeal have been taken properly. If it finds that the steps have been taken properly the matter is submitted to a jury and R. S. 4539 (Gen. Code 6631) provides what the jury may find.

The jury shall render a verdict in writing, and shall find therein: first, whether it will be conducive to the public health, convenience, or welfare, to cause the proposed ditch to be established or located; second, the amount of compensation due each person claiming compensation in case of the location of the same which shall be computed without deduction for benefits to any property of such person; third, the amount of damages resulting to all parties claiming the same; and the judge is authorized to adjourn the proceedings in the premises from time to time, as circumstances may require.

It will be noticed from the section just read, an appeal may be taken from three questions enumerated in the section; but whether or not this plaintiff has been assessed an amount exceeding the benefits derived from it, is not of the questions that may be appealed from. So that no appeal lies from the question in this lawsuit.

The next question is: Does error lie? Appeal does not lie, but counsel for defendant claims that error lies thereto. R. S. 6708 (Gen. Code 12241).

An order made by a probate court removing or refusing

Stemen v. Hizey.

to remove an executor, administrator, guardian, assignee, trustee or other officer appointed by a probate court, and a judgment rendered or final order made by a probate court, justice of the peace, or any other tribunal, board or officer, exercising judicial functions, and inferior to the court of common pleas, may be reversed, vacated, or modified by the court of common pleas.

Here was a board of township trustees that was exercising judicial functions, and under the section of the statutes their proceedings may be reversed, vacated or modified by the court of common pleas. We think that is where the error appears upon the record of that board. If an error appears upon the records of the board, that would be upon the minutes of the township clerk. We suppose that a transcript of that record might be brought up, and the court might review it, but the question whether or not the amount assessed against the plaintiff was just or unjust, or whether he received full value, is a matter that we insist can not appear upon that record. There is no provision for a bill of exceptions, and how could that question be raised in the court of common pleas on error under this particular statute?

We are also cited to another section of the statute, R. S. 4560 (Gen. Code 6646). This is under the head of township ditches.

The court, in which any proceeding is brought to recover any tax or assessment, or to reverse or declare void the proceedings to locate or establish any ditch, or to construct the same, or to enjoin the tax levied or assessed, or ordered to be levied or assessed to pay for the location or construction of a ditch, shall proceed in the same manner, and exercise the same authority over said ditch proceedings or any part thereof, as is prescribed and granted to such court in R. S. 4491, and all acts amendatory thereof supplementary thereto.

In other words, this section of the statute provides that when an action is brought to enjoin an assessment the same proceedings shall be had as provided in the case of county ditches. That is found under R. S. 4491 (Gen. Code 6500), which is as follows:

Fairfield County.

"The court in which any proceeding is brought to recover any tax or assessment paid (that is not the case here), or to declare void the proceedings to locate or establish any ditch (that is not the case here) or to enjoin any tax or assessment levied or ordered to be levied to pay for the labor and expense aforesaid (that is the case here)," shall, if there is manifest error in the proceedings, allow the plaintiff in the action to show that he has been injured thereby, and may, on application of either party, appoint such person or persons to examine the premises, or to survey the same, or both, as may be deemed necessary; the court in which any such proceedings are begun shall allow parol proof that said improvement is necessary and will be conducive to the public health, convenience, or welfare, and that any steps required by law for any improvement have been substantially complied with notwithstanding the record required to be kept by any board or officer; and without finding error, the court may correct any gross injustice in the apportionment, made by the commissioners; the court shall, on final hearing, make such order, in the premises, as shall be just and equitable, and may order that such tax or assessment remain on the duplicate for collection, or order the same to be levied, or may perpetually enjoin the same, or any part thereof, or, if the same has been paid under protest, may order the whole or such part thereof, as is just and equitable, and the cost of such proceeding shall be apportioned among the parties, or paid out of the county treasury, as justice requires.

All these things may be done. It seems that the court may go into all these incidents, as to whether it is conducive to the public health; whether the assessment is unjust or unfair, when an action is brought to enjoin the assessment. But here is a man that under the allegations of his petition claims the assessment is unjust. I will read that portion of the petition:

"Plaintiff further says that said apportionments and costs as assessed against him by the defendants, the said trustees of Violet township, are grossly unjust and unfair, and that had the same been made according to benefits, no part of the cost and expenses of said Bowen ditch improvement would have

Stemen v. Hizey.

been apportioned or assessed against him, for any part of said tile ditch, and that said apportionment to this plaintiff is grossly in excess of benefits conferred upon him by said ditch improvement."

Does not that constitute ground for injunction? It is pretty fundamental and needs no discussion that you can not take private property for public use, unless the person owning it gets full value received. It is the principle of assessment that you must give the owner value for it. He must derive some benefit from that improvement equal to the amount he may have to pay. He says it is unjust; there is no provision for appeal; there is no provision for error. He comes into a court of equity and asks that the trustees be enjoined. When he makes a *prima facie* case in his petition, the court may hear it and do all things found under that section of the statute. Even if the court find no error, it may go ahead and give him complete justice.

We think this action is properly brought and that the demurrer in this case should be overruled, because the petition does state a cause of action. As to the motion, it will be overruled too because it simply performs the office of a demurrer. We think this action is properly brought, as this section provides for injunction and it recognizes the fact that injunction may be brought under some circumstances.

Judgment will be rendered for the plaintiff with costs.

**Taggart** and **Donahue, JJ.,** concur.