### FLOWER v
### FIRST-CENTRAL TRUST CO et

Ohio Appeals, 9th Dist, Summit Co

No 2265. Decided Nov 3, 1933

Burroughs & Burroughs, Akron, for plaintiff in error.

Slabaugh, Seiberling, Huber & Guinther, Akron, for defendant in error, The First-Central Trust Co.

## OPINION

By STEVENS, J.

We have carefully considered this question, and upon the authority of the case of Cox v Cox, 104 Oh St 611, are of the opinion that the motion to dismiss is not well taken and should be overruled.

The defendant Flower urges three grounds of error in seeking a reversal: first, that the power of attorney did not authorize any judgment in which said defendant was not certified as surety; second, that the power of attorney neither authorized judgment to be entered against only two of the signers of the note, nor did it authorize judgment to be entered

for an amount different from that appearing to be due; and third, that the judgment is void, and hence no defense was necessary to be shown before setting it aside.

The rule of construction to be applied to warrants of attorney contained in cognovit notes, is that they are to be strictly construed in favor of the grantor thereof, and against the grantee.

Cushman v Welsh, 19 Oh St 536.
Spence v Emerine, 46 Oh St 433.
Bank v Post, 22 O.C.C. 644, 12 O.C.D. 577.

Sec 12190, GC, provides that—

"In contracts for the payment of money to banks or bankers, sureties in fact, known to the parties to be such at the time such contracts were made, may be proved, and shall be considered in all courts, to be sureties, and have all the privileges of sureties, anything in the contract expressed to the contrary notwithstanding."

Sec 11713, GC, provides that—

"When judgment is rendered in a court of record in this state, upon an instrument of writing in which two or more persons are jointly or severally bound, and it is made to appear to the court, by parol or other testimony, that one or more of the persons so bound signed it as surety or bail for his or their co-defendant, the clerk, in recording the judgment thereon, must certify which of the defendants is principal debtor, and which surety or bail. He shall issue execution on such judgment, commanding the officer to cause the money to be made of the goods, chattels, lands and tenements, of the principal debtor, or, for want of sufficient property of his to make it, that he cause it to be made of the goods, chattels, lands and tenements, of the surety or bail. The property, personal and real, of the principal debtor, within the jurisdiction of the court, shall be exhausted before any of the property of the surety or bail is taken in execution."

It is apparent from a reading of the above sections that the provisions of the warrant of attorney in a note given to a bank or banker, could not deprive a surety thereon of any of his statutory rights or privileges, unless the above sections are in conflict with the negotiable instruments act.

The Supreme Court of Ohio, speaking through Spear, Judge, in considering §5832, R.S. (§12190, GC), and §5419 R.S. (§11713 GC), said:

"We fail to perceive any necessary conflict between these sections and the negotiable instruments act * * *. So we find that each section subserves its own separate and distinct purpose, and neither appears to us to be in any manner or to any extent inconsistent with later legislation."

Richards v Bank, 81 Oh St 348, at pp. 357 and 358.

We fully concur in the reasoning of Judge Spear, as announced in the above case, and adopt the view expressed by him therein. We accordingly hold that §§12190 and 11713, GC, are not in conflict with any of the provisions of the later-enacted negotiable instruments act, and hence are not repealed by implication or otherwise. So far as the trial court was concerned, it not being made to appear that the defendant Flower signed said instrument as surety, the judgment entered was proper at the time it was taken; but the plaintiff knew that said defendant signed as surety, and when that fact was made to appear to the trial court by the affidavit filed in connection with the alternative motion to vacate or modify the court erred in refusing to vacate said judgment or to modify it in such manner as to permit said defendant Flower to be certified as surety in conformity with the provisions of §11713, GC.

The judgment of the trial court having been entered against said defendant as a principal debtor, when it was made to appear, by parol or other testimony, that defendant Flower signed said note as surety, the refusal of the court to order him to be so certified deprived said defendant of one of his statutory privileges as surety, which is a substantial right; and, a strict construction of the warrant of attorney being required, the judgment at the time of the hearing of said motion was, in our opinion, unauthorized by the warrant of attorney, and the trial court should have either vacated the judgment or modified its record as requested, and for error in not doing so the judgment will have to be reversed.

Inasmuch as the conclusion reached herein with reference to the first ground of error, disposes of this error proceeding, we deem it unnecessary to pass upon the other errors assigned.

Judgment against defendant W. T. Flower reversed, and cause remanded for further proceedings in conformity to law.

WASHBURN, PJ, and FUNK, J, concur in judgment.